[Cite as *In re N.D.*, 2017-Ohio-2901.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re N.D.                                            Court of Appeals No. WD-16-066

                                                     Trial Court No. 2016 JA 0662

                                                     **DECISION AND JUDGMENT**

                                                     Decided:  May 19, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Charles S.
Bergman, Chief Assistant Prosecuting Attorney, and David T.
Harold, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant N.D., a minor, appeals from the November 15, 2016 judgment of the Wood County Court of Common Pleas which found him to be delinquent and committed him to detention for 80 days.  For the reasons which follow, we affirm.

**{¶ 2}** Appellant was adjudicated a delinquent child on January 19, 2016, and placed on probation. While on probation, the state filed a violation of court order complaint pursuant to R.C. 2152.021 alleging appellant did not pass a drug screening. Appellant stipulated he was in violation of the court order. The juvenile court gave appellant the opportunity to come into compliance with the order, but he had not done so before the final hearing on November 14, 2016. The trial court ordered probation to continue and for appellant to serve 80 days in detention.

**{¶ 3}** Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's court-appointed counsel has filed an appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief, but he did not do so.

**{¶ 4}** Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of *Anders,* appellant's counsel has submitted a brief setting forth the following potential assignment of error:

POSSIBLE ASSIGNMENT OF ERROR NO. 1: THE TRIAL

COURT ABUSED ITS DISCRETION IN IMPOSING DISPOSITION.

Appellant's appointed counsel has included an argument to support this assignment of error, but concludes that it is unsupported by the record and/or by the law. Therefore, she concludes that an appeal would be frivolous.

2.

{¶ 5} We have reviewed the entire lower court's proceedings and have determined that there is no merit to the error alleged by appellant's appointed counsel. Once a juvenile court has adjudicated a child as a delinquent child, the court may make any order of disposition permitted by R.C. 2152.19. But, the disposition order must satisfy the overriding purposes of the statutory system. R.C. 2152.01(B). When the statutory requirements have been met, the juvenile court's disposition will not be overturned except on grounds that the court abused its discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. R.C. 2152.19(A)(3) permits the court to place a delinquent child in a detention facility up to 90 days. In this case, it is clear the trial court did not abuse its discretion and the potential assignment of error is not well-taken.

{¶ 6} Finally, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

{¶ 7} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE